By the Court.
The New York Central Railroad Company filed its petition with the Public Utilities Commission of Ohio on the 22d day of *561 November, 1916, praying authority of the commission for the issuance and sale by it of $5,914,300, par value, of its common capital stock, the proceeds of which were to be used for the purposes set forth in the petition. The petition set forth the amount of the authorized capital stock of the company and the amount of the issue then outstanding. It specifically set forth a certain portion of -said stock which was reserved for certain purposes stated.
It further alleged that the company desired to issue and sell 250,000 shares of its common capital stock of the par value of $100 each for the purpose, of reimbursing its treasury for moneys aggregating $25,000,000 actually expended on capital account within five years from the date thereof, not secured by or obtained from the issue of stocks, bonds, notes or other evidence of indebtedness.
The petition contained an “Exhibit,” which showed a statement of the expenditures for which reimbursement was sought, of which something over $19,000,000 was expended for the acquisition of property, construction, completion, extension or improvement of applicant’s facilities or improvement of its service outside of Ohio, and $5,914,-306.78 for like purposes within Ohio, in the years 1915 and 1916, and averred that the proceeds of the issue, for which authority was prayed, were to be used for the purpose of reimbursing its treasury on account of the expenditures within the state of Ohio. The petition further averred that the new stock was to be issued to stockholders at par to *562 the extent of 10 per cent, of their holdings, so that if all subscribed their allotment they would take up the entire issue of $25,000,000.
The plaintiffs in error herein, James Polhtz and Clarence H. Venner, filed their objections to the granting of the permission prayed for, and on the 5th day of December, 1916, the matter was heard by the commission upon the petition, exhibits and evidence, and the arguments of counsel.
The commission thereafter made an order upon its journal that “It appearing to the satisfaction of the Commission that the issuance and sale of said stock by said petitioner is proper and necessary for the reimbursement of its treasury for moneys actually expended by the petitioner on capital account for the acquisition of property, the construction, completion, extension and improvement of applicant’s facilities, and the improvement of its service within the State of Ohio, and that the money to be procured thereby is reasonably required for such purpose, and that said stock is not to be issued in whole or in part on account of expenditures made for operating expenses or to reimburse the treasury for moneys obtained from the issue of stocks, bonds, notes, or other evidence of indebtedness; and it appearing that said applicant is an interstate railroad and by the laws of this State is not required to secure the authority of this Commission to the present proposed issue of $25,-000,000 of its said capital stock, except as to $5,-914,300 thereof, the balance of said proposed issue being for the reimbursement of its treasury for moneys expended outside of this State, the Com *563 mission finds that the prayer thereof should be granted.”
The entry proceeded with an order granting the prayer as stated, and directed that the proceeds should be used for the purposes stated within the state of Ohio, and further provided that “Upon the first sale of any of said stock, and every six months thereafter until the same shall be entirely disposed of, said company shall make verified report to the Commission showing the terms and conditions of such sale, the amount realized therefrom, and the use and application of said moneys, and all accounts, vouchers and records relating thereto shall be open to examination and may be audited from time to time by examiners designated by the Commission.”
An application filed by the plaintiffs in error for a rehearing was overruled. It is contended by the plaintiffs in error that the commission erred in its finding that the applicant was. not required to secure the authority of the commission to the present? proposed issue of $25,000,000 of its said capital stock, except as to $5,914,000 thereof, the balance of said proposed issue being for the reimbursing of its treasury for money expended outside of this state.
As stated above, the exhibit referred to shows in detail the alleged expenditures outside of Ohio, and it is contended by the plaintiffs in error that the expenditures for such purpose are as much Ohio acquisitions by the applicant, which is an interstate consolidated railroad corporation, as if expended for the purposes referred to within the *564 state; that the treasury of the consolidated corporation, and the Ohio portion thereof, was necessarily drawn upon to pay for any such expenditures outside of the state, as much so as for those within the state; and that the Ohio corporation has an ownership in the securities so acquired.
Section 614-55, General Code, contains the following: “No interstate railroad or public utility shall be required, however, to apply to the commission for authority to issue stock, bonds, notes or other evidence of indebtedness for the acquisition of property, the construction, completion, extension or improvement of its facilities or the improvement or maintenance of its service outside the state, or for the discharge or refunding of obligations issued or incurred for such purposes or for reimbursement of moneys actually expended for such purposes outside of the state.”
Plaintiffs in error contend that while physical property, fixed or mobile, if outside of the state, is of course within the express exception of the section quoted, intangible property, investments, cannot be so regarded, for they follow the domicile of' the owner; that, therefore, the Ohio consolidated company would be affected materially by expenditures and issues of stocks therefor.
.We think it must be conceded that there is force in this suggestion, but the matter of the issue of stocks for those purposes is not involved in this case. The application involved here does not pray for authority from the commission with respect to any stock except that covered therein, to reimburse for expenditures which the commission found had *565 been made within this state. There is no provision in the order of the commission with respect to any other or additional stock. The shares for 'the $5,914,000 of stock are wholly separate and distinct from the remainder of the proposed issue of $25,000,000, and if the company should proceed in any illegal or invalid manner to issue the remainder of the stock that would be a matter that could be remedied by proper proceedings and without any effect whatever on the validity of the issue involved in this case.
It is further alleged that the expenditures claimed to have been made both within and without the state are such as the company was not authorized to make. The amount, the character and the necessity of the expenditures were matters the consideration and determination of which were within the jurisdiction of the commission. It was its duty to carefully examine all the facts and circumstances, and in this case a large amount of testimony touching the subjects concerned was offered and considered by the commission. Upon these its order rests,.and this court has held that it will not substitute its judgment for that of an administrative board created pursuant to an act of the legislature as to matters within its province. Before the court will interfere with an order of the railway commission, or its successors, it must appear from a consideration of the record that the action of the commission was unlawful or unreasonable. Hocking Valley Ry. Co. v. Pub. Util. Comm., 92 Ohio St., 362.
*566 The commission having found that the issuance and sale of said stock by the petitioner was proper and necessary for the reimbursement of its treasury for moneys actually expended by the petitioner on capital account for the acquisition of property, the construction, completion, extension and improvement of applicant’s facilities, and the improvement of its service within the state of Ohio, that the money to be procured thereby was reasonably required for such purpose, and that said stock was not to be issued in whole or in part on account of expenditures to be made for operating expenses, or to reimburse -the treasury for moneys obtained from the issue of stock, bonds, notes or other evidence of indebtedness, its order will be affirmed. But as stated above, we do not indicate any opinion as to the right of the company to issue and sell the remainder, or any portion thereof, of the $25,000,-000 of stock referred to in the application.

Order affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.